IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

REGINALD D. FULLER,                          )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )        No. 5:13-CV-146-FL
                                             )
EEOC and PATRICIA MILLER,                    )
                                             )
            Defendants.                      )
                                             )


REGINALD D. FULLER,                          )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )        No. 5:13-CV-147-FL
                                             )
EMPLOYMENT SECURITY COMMISSION,              )
                                             )
            Defendants.                      )

These cases come before the court on the memorandum and recommendation ("M&R") of

Magistrate Judge Kimberly A. Swank, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P.

72(b), wherein it is recommended that the court dismiss plaintiff's complaints on frivolity review

pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed objection to M&R. In this posture, the issues

raised are ripe for ruling. For the reasons that follow, the court finds that dismissal without

prejudice is warranted.

## DISCUSSION

The district court reviews *de novo* those portions of a magistrate judge's M&R to which

specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review

where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff filed applications to proceed *in forma pauperis* in the above captioned cases on December 11, 2012, asserting claims for damages and injunctive relief against the Equal Opportunity Employment Commission (EEOC), an EEOC investigator Patricia Miller ("Miller"), and the North Carolina Employment Security Commission ("ESC"), asserting that defendants mishandled certain discrimination claims and claims for unemployment benefits asserted in administrative proceedings in 2011 involving his former employer Bridgestone/Firestone. The magistrate judge granted the *in forma pauperis* applications but determined on frivolity review that this court lacks subject matter jurisdiction to consider plaintiff's claims where plaintiff does not allege facts supporting a violation of a federal cause of action against these defendants. (M&R at 4). In his objections to the M&R, plaintiff reiterates his claims, asserting in particular that the EEOC mishandled his claims in the course of administrative proceedings. (Obj. at 1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A case is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Upon *de novo* review, the court finds that plaintiff's objection provides no reason to disturb

the analysis contained in the M&R. Furthermore, the court finds on an alternative basis that plaintiff's claims are subject to dismissal for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2), because federal law does not provide a cause of action to plaintiff directly against the EEOC, the ESC, or its agents with regard to their handling of his claims in administrative discrimination and benefits proceedings. See Georator Corp. v. Equal Employment Opportunity Comm'n, 592 F.2d 765, 767 (4th Cir. 1979) (affirming dismissal of suit for lack of subject matter jurisdiction and failure to state a claim where suit challenged an EEOC administrative determination of discrimination); Brown v. U.S. E.E.O.C., 4:12-CV-48-BO, 2012 WL 2565039 *2 (E.D.N.C. July 2, 2012) ("Title VII does not permit suits against the EEOC to remedy a plaintiff's dissatisfaction with the agency's treatment of an EEOC charge."); Terry v. Dir., Complaint Adjudication Div., U.S. E.E.O.C., Office of Fed. Operations, 21 F. Supp. 2d 566, 569 (E.D. Va. 1998) ("Courts have uniformly held that no cause of action exists with respect to the EEOC's handling of discrimination claims"); cf. Howard v. Food Lion, Inc., 232 F. Supp. 2d 585, 595-96 (M.D.N.C. 2002) (dismissing claims against ESC appeals officer, noting, inter alia, plaintiffs may seek redress in ways other than private suits against appeals referees).

CONCLUSION

Based on the foregoing, upon de novo review of the record and the recommendation in the M&R, the court finds that dismissal is warranted for failure to state a claim upon which relief can be granted, and plaintiff's actions are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2). The clerk is directed to close these cases.

SO ORDERED, this the 31st day of October, 2013.

LOUISE W. FLANAGAN
United States District Judge